# EXHIBIT 2

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 74/572667

**APPLICANT:** BACARDI & COMPANY LIMITED

**CORRESPONDENT ADDRESS:**
William R. Golden, Jr.
101 Park Avenue
New York, NY 10178

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513
**ecom107@uspto.gov**

**MARK:** HAVANA CLUB

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**MAILING DATE:** May 7, 2002

**CORRESPONDENT EMAIL ADDRESS:**
N/A

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Mailing date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

## OFFICE ACTION

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit http://www.uspto.gov/teas/index.html and follow the instructions.

To respond formally via E-mail, visit http://www.uspto.gov/september11/tmelecresp.htm and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examiner's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov/

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

RE: Serial Number 74/572667

This letter responds to the applicant's communication filed on April 12, 2002.

74/572667 -2-

It is called to applicant's attention that Cancellation Proceeding no. 24,108, relating to U.S. Trademark Registration no. 1,031,651, and Cancellation Proceeding nos. 25,346 and 40,287, relating to U.S. Trademark Registration no. 1,956,660, are ongoing at this time. Correspondingly, the refusal to register under Trademark Act § 2(d) based upon U.S. Trademark Registration nos. 1,031,651 and 1,956,660 is maintained.

Registration is refused under Trademark Act § 2(e)(3). Due to the extensive use of the mark in commerce by applicant, applicant was informed that a claim of distinctiveness could be filed under Trademark Act § 2(f) and the refusal to register would be withdrawn. While applicant submitted April 12, 2002, an Affidavit of Ramon Arechabala, the affidavit does not constitute a claim of distinctiveness. The affidavit contains only a history of the "Havana Club" trademark from the prospective of the Arechabala family, the original owner of the "Havana Club" trademark. An allegation that the mark has become distinctive of the goods due to use in commerce or promotion was not presented in the affidavit. Correspondingly, the refusal to register the mark under Trademark Act § 2(e)(3) is maintained.

In Office Action dated October 12, 2001, applicant was apprised of the fact that the Amendment to Allege Use lists only "rum" as the goods for which the mark is used. This listing contains fewer goods than were indicated in the recitation of goods. Applicant was required to indicate whether the omission of the items -- distilled spirits specialty containing rum and prepared alcoholic cocktail containing rum -- were intentional. Applicant responded by stating that it intended to file a Request to Divide the application to form a separate application for the distilled spirits specialty containing rum and prepared alcoholic cocktail containing rum. Correspondingly, the following is noted:

In the amendment to allege use, the applicant has described the goods more narrowly than those described in the application itself. Therefore, the applicant must either confirm that the identification indicated in the amendment to allege use is proper or submit an amended identification. The goods identified in the amended identification may not exceed the scope of those identified in the application itself. TMEP §1104.09(C).

If the applicant amends to add goods not specified in the amendment to allege use, the applicant must verify, with an affidavit or a declaration in accordance with 37 C.F.R. §2.20, that the mark is now in use in commerce on or in connection with the additional goods. TMEP §1104.09(c). Of course, the applicant may withdraw the amendment to allege use or request that the application be divided. TMEP §§1104.10 and 1110 *et seq*.

Applicant must amend the recitation of goods by either: stating that the goods are restricted to rum, only; or adding some or all of the goods listed in the recitation of goods to the goods in the amendment to allege use supported with either an affidavit or declaration signed by applicant's representative indicating that the mark is now in use in commerce on or in connection with the additional goods; or filing a request to Divide the application to form a separate application for the goods other than rum.

74/572667 -3-

Because a proper listing of the goods contained in an Amendment to Allege Use does not involve a statutory refusal, but rather constitutes and informality, the application may not be suspended until the informality is resolved. Suspension of action is in order only after all issues have been resolved or are in condition for a final action. See: TMEP § 1108. Therefore, action on this application will not be suspended until applicant resolves the issue relating to the recitation of goods.

It is noted that if an applicant fails to completely respond to all the issues contained in an outstanding Office Action within six months after the mailing date of an Office Action, the application shall be deemed to have been abandoned. Trademark Rule 2.65(a).

David C. Reihner, Examining Attorney
Law Office 107, 703-308-9107 ext. 169
703-746-8107 fax.