# EXHIBIT 4

# UNITED STATES PATENT AND TRADEMARK OFFICE

U. S. APPLICATION SERIAL NUMBER: 73/023981

U. S. REGISTRATION NUMBER: 1,031,651

CORRESPONDENCE ADDRESS:

   David H. Bernstein
   Debevoise & Plimpton LLP
   919 Third Avenue
   New York, NY 10022

RETURN ADDRESS:

   Commissioner for Trademarks
   P.O. Box 1451
   Alexandria, VA 22313-1451

MARK:
   HAVANA CLUB and Design

ISSUE/MAILING DATE:
January 13, 2016

APPLICANT/REGISTRANT:
   Empresa Cubana Exportadora de Alimentos y Productos Varios d/b/a Cubaexport

CORRESPONDENT'S REFERENCE/DOCKET NO:
   N/A

CORRESPONDENT'S EMAIL ADDRESS:
   dhbernstein@debevoise.com

## PETITION TO DIRECTOR GRANTED

On October 5, 2006, Empresa Cubana Exportadora de Alimentos y Productos Varios d/b/a Cubaexport ("Cubaexport" or "petitioner") petitioned the Director of the United States Patent and Trademark Office ("Director") to reverse the August 3, 2006 decision of the Post Registration examiner refusing the combined filing petitioner submitted on December 14, 2005, pursuant to sections 8 and 9 of the Trademark Act, 15 U.S.C. §§ 1058 and 1059 ("combined §8/9 filing"). The filing was refused because petitioner could not legally pay the filing fee without a specific license issued by the Office of Foreign Assets Control, and thus the fee submitted with the filing was deemed not to have been paid. On January 12, 2016, petitioner supplemented its petition by providing a license that specifically authorizes the combined §8/9 filing fee payment made on December 14, 2005, as well as all other transactions necessary to renew and maintain the registration. The Director has the authority to review petitioner's request. *See* 37 C.F.R. §§2.146(a)(2), 2.146(a)(3), 2.165(b), 2.186.[1] The petition is GRANTED.

---

[1] The Director's authority to decide trademark-related petitions has been delegated to the Commissioner for Trademarks. *See* 37 C.F.R. § 2.146(h); *Trademark Manual of Examining Procedure* (TMEP) § 1709 (Oct. 2015).

**FACTS**

As a Cuban entity, petitioner is subject to the terms of the Cuban embargo and is also subject to the Cuban Assets Control Regulations, 31 C.F.R. Part 515, which are administered by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"). The Cuban Asset Control Regulations ("CACR") do not authorize trademark registration maintenance and renewal fees to be paid for this registration unless specifically licensed by OFAC. 31 C.F.R. § 515.527(a); *see generally Empresa Cubana Exportadora de Alimentos y Productos Varios v. U.S. Dep't of Treasury*, 638 F.3d 794, 796-798, 802 (D.C. Cir. 2011) ("*Empresa Cubana*") (explaining that Section 211 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. No. 105-277, § 211(a)(1), 112 Stat. 2681, eliminated the ability of Cubaexport to rely on the CACR's general license provision to renew the registration for the HAVANA CLUB mark and required Cubaexport to obtain a specific license from OFAC authorizing the transaction).

Petitioner's December 14, 2005 combined §8/9 filing included authorization to charge the required filing fee to the United States Patent and Trademark Office ("USPTO") deposit account of the law firm representing petitioner at the time of the filing. The cover letter accompanying the combined filing indicated that authorization to pay the required fee was given pursuant to OFAC License No. CU-74488, issued on March 4, 2005. The USPTO was informed by OFAC in a letter dated April 6, 2006, that payment of the fee was not authorized under License No. CU-74488.

The Post Registration examiner assigned to review the filing issued an Office action on July 21, 2006, notifying petitioner that the combined §8/9 filing could not be accepted because the required fee was not authorized to be paid and thus was deemed not to have been paid. The Office action noted that petitioner had filed, on April 7, 2006, an application with OFAC for a specific license authorizing payment of the fees. The Office action provided a response time of six months to notify the USPTO whether that request for a specific license was granted or denied. On August 2, 2006, petitioner submitted a response to the Office action notifying the USPTO that OFAC had denied petitioner's request for a specific license to pay the fee for the combined §8/9 filing. In an Office action dated August 3, 2006, the Post Registration examiner maintained the refusal of the combined §8/9 filing. The Office action noted that the owner "may file a petition to the Director requesting review of this decision" and that such petition must be filed within six months from the August 3, 2006 action date.

This petition was filed on October 5, 2006. Action on the petition was suspended for approximately six years pending the final disposition of petitioner's litigation against the Treasury Department challenging OFAC's decision to deny Cubaexport a specific license to pay the prescribed fee. On June 11, 2012, petitioner submitted a letter notifying the USPTO of the final disposition of the litigation against OFAC, which upheld OFAC's decision. *See generally Empresa Cubana*. Petitioner also submitted supplemental arguments why the petition should be granted even in the absence of a specific license, which resulted in an exchange of correspondence between the USPTO and OFAC.

On January 12, 2016, petitioner submitted a letter supplementing its petition and including a copy of specific license number CU-2015-323837-1, issued by OFAC on January 11, 2016. The OFAC license specifies that "Cubaexport is hereby authorized to engage in all transactions necessary to renew and maintain the HAVANA CLUB trademark registration No. 1,031,651 at the United States Patent and Trademark Office (USPTO), including those related to Cubaexport's submission filed with the USPTO on or about December 14, 2005, and the payment referenced therein . . . ." By its terms, the "license expires on the earlier of January 31, 2018 or the

2

date of completion of the authorized transactions." Petitioner argues that the sole basis for the prior refusal to accept the combined §8/9 filing has been removed and requests that the petition be granted and the filing accepted. Petitioner authorizes the USPTO to charge the USPTO deposit account of its current counsel to the extent any fees need to be collected by the USPTO in connection with the 2005 combined §8/9 filing or the 2006 petition.

**DISCUSSION**

The Trademark Act provides that registrations are issued and can be renewed for ten year terms, provided that the required documents and fees are timely submitted to the USPTO. 15 U.S.C. §§ 1058, 1059; 37 C.F.R. §§ 2.160, 2.182, 2.183. Petitioner timely submitted its combined §8/9 filing and proffered payment of the fee via charge to its counsel's USPTO deposit account on December 14, 2005, within the statutory period for making the filing. But without OFAC authorization to pay the fee for the combined §8/9 filing, petitioner could not comply with the requirements of §§ 8 and 9. Thus, when petitioner's combined §8/9 filing was reviewed by the Post Registration examiner in 2006, she was constrained to refuse the filing because petitioner lacked an OFAC license authorizing the fee payment.

The Director may exercise supervisory authority on petition in appropriate circumstances. 37 C.F.R. § 2.146(a)(3). The facts here support the invocation of supervisory authority to accept petitioner's combined §8/9 filing.

Petitioner has provided an OFAC license that specifically authorizes petitioner's December 14, 2005 combined §8/9 filing and fee payment. Thus, the fee payment is effective as of December 14, 2005, and the combined §8/9 filing is considered complete and acceptable as of that date.

Moreover, even if the OFAC license did not specifically authorize Petitioner's December 14, 2005 fee payment, the license authorizes "all transactions necessary to renew and maintain" the registration. Non-payment or insufficient payment of the fee for a combined §8/9 filing is a deficiency that can be corrected, even after the statutory time period, as long as the correction occurs within the time prescribed after notification of the deficiency. *See* 15 U.S.C. §§1058(c) and 1059(a); 37 C.F.R. §§ 2.164 and 2.185; *see generally Trademark Manual of Examining Procedure* §§ 1604.06, 1604.17, 1604.19, 1606.05, 1606.13 (October 2015 version and 4th ed. April 2005). Petitioner was notified in two Office actions issued by the Post-Registration examiner that the fee it had proffered for its December 14, 2005 combined §8/9 filing could not be accepted in the absence of an OFAC license, and was further notified that it could seek review of the post-registration decision by filing a petition to the Director. Petitioner filed a timely petition. Petitioner has satisfied the fee requirement by obtaining an OFAC license that authorizes petitioner's payment of the fee for the combined §8/9 filing, providing the license to the USPTO as a timely supplement to its petition, and authorizing the USPTO to charge any uncollected fees to its counsel's USPTO deposit account. All required fees have been collected.

**DECISION**

The petition is granted. The combined §8/9 filing is accepted. The registration is renewed and the USPTO's records will be updated accordingly. The registration file will be forwarded to the Post Registration Division for action consistent with this decision.

/Mary Boney Denison/
Commissioner for Trademarks

For general and other useful information about trademarks, you are encouraged to visit the USPTO web site at **http://www.uspto.gov/main/trademarks.htm**.

4